IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 3:10cr075-WHA |
| JOHNNY BRUCE WILKERSON | ) | |

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #30), recommending that the Defendant's Motion to Suppress be denied, together with Defendant's Objection thereto (Doc. #37).

The facts of this case are fully set out in the Magistrate Judge's Report and Recommendation. In summary, the Motion to Suppress concerns evidence obtained as a result of a search of the Defendant's residence and an outbuilding pursuant to an anticipatory search warrant issued by a state court judge.

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered her report and recommendation. In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing, examining the exhibits, and fully considering the objections of the Defendant. *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). "Credibility findings of a magistrate judge, 'who personally observed and listened to the testimony of live

witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings,* 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D. Del.1984)). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S.*, 896 F.2d at 513. If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings. *Id.*

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments.

Defendant's objections center on his statement that "[b]oth the government and the Magistrate Judge overlooked the anticipatory search warrant analysis set forth in *United States v. Grubbs*, 547 U.S. 90 (2006)." Despite the fact that the motion and the transcript show that the Defendant never cited or argued *Grubbs* at any point in the hearing or the motion, this court has considered the *Grubbs* analysis in its *de novo* review.

An anticipatory warrant is 'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.' ... Most anticipatory warrants subject their execution to some condition precedent other than the mere passage of time – a so-called 'triggering condition.'" United States v. Grubbs, 547 U.S. 90, 94 (2006) (citation omitted). "[B]y definition, the triggering condition which establishes probable cause has not yet been satisfied when the warrant is issued." Id. "Thus, when an anticipatory warrant is issued, 'the fact that the contraband is not presently

2

located at the place described in the warrant is immaterial, so long as there is probable cause to believe that it will be there when the search warrant is executed.'" Id. at 96 (citation omitted).

An anticipatory warrant requires a magistrate to determine that two prerequisites of probability are satisfied. "It must be true not only that if the triggering condition occurs 'there is a fair probability that contraband or evidence of a crime will be found in a particular place,' [Illinois v.] Gates, ... [462 U.S. 234,] 238 [1983]..., but also that there is probable cause to believe the triggering condition will occur. The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable-cause determination." Grubbs, 547 U.S. at 96-97.

In this case, the occurrence of the triggering condition – that is, the purchase of cocaine by the confidential source – would plainly establish probable cause for the search. See United States v. Horne, 198 Fed.Appx. 865, 871, 2006 WL 2668919, 5 (11th Cir. 2006) (Generally, a controlled buy, when executed properly, is a reliable indicator as to the presence of illegal drug activity.) In addition, the affidavit established probable cause to believe that the triggering condition would be satisfied. As noted in the Recommendation, Sgt. Parrish's affidavit for the anticipatory search warrant alleged that "[p]rior to this request for a search warrant I have received information from sources including police officers and informants that Johnny Bruce Wilkerson ... is possessing and selling cocaine from his residence .... The information received was that Mr. Wilkerson would have large quantities of cocaine brought to his residence and would sell smaller portions of the cocaine to various individuals." Government Exhibit 1. The information provided in the affidavit satisfied the totality of the circumstances test of Illinois v. Gates, because, as noted in the Recommendation, the issuing judge could reasonably have presumed the police officers to be reliable and knowledgeable sources without further

confirmation, and the information offered by the confidential sources appears to have been specific, first hand information concerning the delivery of large amounts of cocaine to defendant, his current, ongoing sales of smaller amounts of cocaine to individuals at his residence, and the fact that the usual site of the sales was in the outbuilding at the residence. Further, the plan for the confidential source to make a cocaine purchase on the date specified in the warrant was detailed and specific, and appeared to follow a prearranged protocol. The judge therefore had a substantial basis for concluding that probable cause existed. See Gates, 462 U.S. at 238-239.

Accordingly, the Defendant's objections are overruled, the court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that the Defendant's Motion to Suppress is DENIED.

DONE this 5th day November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE